**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION, a non-profit corporation,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant-Appellee. | No.   22-15936<br><br>D.C. No. 3:20-cv-06898-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted May 10, 2023
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and R. BENNETT,[**] Senior District Judge.

Plaintiff-Appellant Ecological Rights Foundation ("EcoRights") served a ten-part request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, upon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

the Environmental Protection Agency ("EPA") in October 2019. This FOIA request sought all records relating to recent changes to EPA's policy of using supplemental environmental projects ("SEPs") as settlement terms in environmental litigation against state and local governments. Following a protracted search, negotiation, and EcoRights's initiation of this litigation, EPA produced a total of 1,827 records in full or in part, and withheld or redacted 644 records. The agency explained its withholdings in a 650-page *Vaughn* index and a sworn declaration that divided the challenged documents into eight categories, only seven of which are at issue in this appeal.[1] In this action, EcoRights challenges EPA's remaining withholdings and seeks declaratory and injunctive relief on the ground that EPA has a pattern or practice of FOIA violations. The district court granted summary judgment to EPA. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.     Sufficiency of Submissions and Burden of Proof

EcoRights argues that the district court improperly shifted the burden of proof to EcoRights by accepting EPA's justifications for its withholdings without conducting in camera review of the challenged records. Under FOIA, the government bears the burden of proof to justify its withholdings. *See Transgender*

---

[1] A *Vaughn* index is an affidavit that summarizes the records the government redacted, the FOIA exemptions claimed, and the justifications for each withholding. *See Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 728 (9th Cir. 2021) (discussing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).

2

*L. Ctr. v. Immigr. & Customs Enf't*, 46 F.4th 771, 782 (9th Cir. 2022). It may carry this burden with an affidavit or *Vaughn* index attesting to the content of the records it has withheld and its reasons for nondisclosure. *See Islamic Shura Council of S. Cal. v. FBI*, 635 F.3d 1160, 1165–66 (9th Cir. 2011). If the government's submissions are reasonably detailed and particularized, its affidavits "are presumed to be in good faith" and are entitled to "considerable deference." *Hamdan v. DOJ*, 797 F.3d 759, 770, 772 (9th Cir. 2015); *see also Lane v. Dep't of Interior*, 523 F.3d 1128, 1135–36 (9th Cir. 2008).

The district court correctly applied these standards. EPA submitted a 35-page affidavit that divides its records into eight categories, with detailed justifications for its withholdings and redactions. It supplemented this affidavit with a 650-page *Vaughn* index that reviews all records EPA redacted or withheld—featuring particularized explanations for each FOIA exemption EPA asserted, EPA's efforts to segregate non-exempt information, and the manner in which disclosure of the withheld material would foreseeably harm interests protected by the exemptions. Accordingly, the district court was entitled to take these materials at "face value" absent "'contrary evidence in the record.'" *Hamdan*, 797 F.3d at 769, 779 (quoting *Hunt v. CIA*, 981 F.2d 1116, 1119 (9th Cir. 1992)). The record contained no such evidence. Contrary to EcoRights's argument on appeal, the unredacted portions of

EPA's documents do not undermine EPA's justifications for the portions it withheld, as the agency segregated its records and released only non-exempt materials.

## II.  Validity of Withholdings

FOIA "mandates disclosure of nearly all agency records upon request, unless the records fall within one of nine exemptions." *Rojas v. Fed. Aviation Admin.*, 989 F.3d 666, 670 (9th Cir. 2021) (en banc) (citing 5 U.S.C. § 552(b)(1)–(9)), *cert. denied*, 142 S. Ct. 753 (Mem) (Jan. 10, 2022). EPA withheld eight categories of documents—only seven of which are at issue in this appeal—pursuant to Exemption 5, which shields records that would not be available in litigation against the agency. *See Lahr v. Nat'l. Transp. Safety Bd.*, 569 F.3d 964, 979 (9th Cir. 2009). This exemption applies to records that "would be protected by one of the civil discovery privileges, such as the attorney-client privilege [("ACP")], the attorney work-product privilege [("WPP")], or the deliberative process privilege [("DPP")]." *Rojas*, 989 F.3d at 673.

EPA properly withheld and redacted Categories 2, 3, 4, 5, and 7 under DPP. DPP shields "documents reflecting advisory opinions, recommendations[,] and deliberations comprising part of a process by which governmental decisions and policies are formulated," *Karnoski v. Trump*, 926 F.3d 1180, 1203–04 (9th Cir. 2019) (quoting *Loving v. Dep't of Def.*, 50 F.3d 32, 38 (D.C. Cir. 2008)), so long as those documents are both "predecisional" and "deliberative," *Transgender L. Ctr.*,

4

46 F.4th at 783 (quoting *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988)). The documents withheld in Categories 3 and 4 are deliberative materials produced for meetings that were held between EPA and Department of Justice ("DOJ") officials to discuss proposed changes to SEP policy. Both categories of documents are predecisional to the 2019 change in SEP policy, and the Category 3 records are additionally predecisional to settlements in specific enforcement cases. The records in Categories 2, 5, and 7 consist of deliberations regarding specific enforcement cases, and are predecisional to litigation, settlement, and enforcement decisions in those cases. Although EcoRights contends that EPA must disclose any Category 2 records featuring settlement recommendations that EPA ultimately accepted, there is no indication that EPA has "adopted" any such recommendations as "the agency's effective law and policy." *ACLU v. DOJ*, 880 F.3d 473, 490 (9th Cir. 2018) (citation omitted).

The remaining records, in Category 6 and Category 8, are entitled to ACP.[2] "The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). The records in Category 6 feature confidential legal advice from EPA and DOJ attorneys regarding

---

[2] EcoRights argues that these materials are not entitled to DPP, as they consist only of deliberations regarding how to respond to inquiries from outside entities. As we hold that ACP applies, we do not address whether DPP shields these records.

"the potential impact of changes to SEP policy on enforcement work at EPA," including specific requests from agency officials seeking confidential legal advice following press inquiries. The documents withheld in Category 8 consist of confidential legal advice sought by agency officials in advance of Congressional inquiries and hearings. *See Tax Analysts v. IRS*, 117 F.3d 607, 618 (D.C. Cir. 1997) ("In the governmental context, the 'client' may be the agency and the attorney may be an agency lawyer.").³

EcoRights argues that EPA did not fulfill its obligations to disclose all segregable factual material or to demonstrate the foreseeable harms that would result from disclosure, the latter of which is required by the FOIA Improvements Act of 2016. 5 U.S.C. § 552(a)(8)(A)(i)(I). However, EPA's *Vaughn* index and affidavit demonstrate that the agency proceeded document-by-document and line-by-line to parse through each record and segregate all factual, non-exempt material. Additionally, between the categorical justifications in the affidavit and the document-specific descriptions in EPA's *Vaughn* index, EPA offered detailed

---

³ EcoRights challenges EPA's assertions of ACP with regard to only two documents, *Vaughn* No. 515 and 603, but EPA's *Vaughn* entries demonstrate that these records are privileged. The redacted portions of *Vaughn* No. 515 feature "advice from a staff attorney on how to address [a] question concerning SEP policy," and *Vaughn* No. 603 is an email exchange between several attorneys about how to respond to an administrator's request for legal interpretations of a DOJ memo regarding SEP policy changes.

explanations regarding how the disclosure of its records would foreseeably harm interests protected by Exemption 5.[4]

### III.     Pattern or Practice of Violating FOIA

The district court did not abuse its discretion in declining to issue an injunction or declaratory judgment. The Freedom of Information Act authorizes courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). This language permits courts to grant prospective equitable relief. *See Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858, 871 & n.13 (9th Cir. 2019). The district court's grant or denial of an injunction or a declaratory judgment is reviewed for an abuse of discretion. *Long v. IRS*, 693 F.2d 907, 909 (9th Cir. 1982) (injunction); *Rigsby v. GoDaddy Inc.*, 59 F.4th 998, 1010 (9th Cir. 2023) (declaratory judgment). EcoRights

---

[4] EcoRights claims that EPA's affidavit and index merely addressed "records" or "portions" without discussing "the specific information" those records contain. However, the agency "need not specify its objections [to disclosure] in such detail as to compromise the secrecy of the information." *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987) (internal quotation marks and citations omitted). Ordering a more detailed explanation would "thwart[] the . . . exemption's purpose" by requiring EPA to divulge privileged information merely to defend its assertions of privilege. *Wiener v. FBI*, 943 F.2d 972, 979 (9th Cir. 1991) (quoting *King v. DOJ*, 830 F.2d 210, 218 (D.C. Cir. 1987)).

7

sought two forms of equitable relief in this case, both of which the district court denied.[5]

First, EcoRights requested an injunction directing EPA to comply with future FOIA requests on the basis that EPA has a pattern or practice of FOIA violations. To determine whether to grant prospective injunctive relief in a FOIA case, a district court must follow the framework outlined in *Long v. Internal Revenue Service*:

> In determining whether injunctive relief is appropriate to resolve a FOIA dispute, the court's prime consideration should be the effect on the public of disclosure or nondisclosure. Where, as here, there has been a voluntary cessation of allegedly illegal conduct and thereafter prolonged delays have repeatedly hindered the timely disclosure of non-exempt documents, the district court should seriously consider the likelihood of recurrence, weighing the good faith of any expressed intent to comply, the effectiveness, if any, of the discontinuance and the character of past violations.

693 F.2d at 909 (citations omitted). The district court cited *Long* and properly evaluated these factors. In its opinion, the district court recognized that the public has an interest in records related to changes in SEP policy, but found that EPA acted

---

[5] EcoRights argues that, regardless of the denial of injunctive relief, the district court failed to determine whether EPA has a pattern or practice of FOIA violations under *Hajro v. United States Citizenship and Immigration Services*, 811 F.3d 1086 (9th Cir. 2016). However, *Hajro* addresses only standing, not the merits. The three factors articulated in that case govern when "the plaintiff has shown injury in fact" to seek prospective injunctive relief based on a pattern or practice of FOIA violations if the agency has mooted a claim challenging the improper processing of a specific FOIA request. *Id.* at 1103. These factors do not provide a standalone claim, and it is ultimately irrelevant whether EcoRights's allegations describe a pattern or practice of FOIA violations, because the district court considered other factors that supported the denial of equitable relief here. *See Long*, 693 F.2d at 909.

in good faith and is taking concrete steps to reduce its FOIA backlog. The court also noted the "expansiveness" of EcoRights's FOIA request and observed that EPA had provided EcoRights with "rolling productions" and updates on its estimated completion date. In following and applying the factors outlined in *Long*, the district court did not "rel[y] upon erroneous legal principles or abuse[] its discretion" by declining to issue an injunction. *Id.* (citation omitted).

Second, EcoRights sought a declaratory judgment that EPA violated FOIA's deadlines in responding to its request in this case.[6] However, a claim that the government violated FOIA's deadlines when responding to a specific request is mooted by the production of documents. *See Hajro*, 811 F.3d at 1103. Additionally, the district court did not abuse its discretion by declining to issue this declaration. The district court concluded that there was "no indication that EPA deliberately caused needless delay," as "EPA and EcoRights engaged in frequent discussions" regarding how to best respond to EcoRights's comprehensive FOIA request. That is sufficient to demonstrate that the court considered EcoRights's claims of delay and properly exercised its discretion.

**AFFIRMED.**

---

[6] EcoRights also sought a declaration that EPA improperly withheld records in response to EcoRights's 2019 FOIA request, and that EPA has a pattern or practice of such FOIA violations. These requested declarations are coextensive with EcoRights's challenge to EPA's withholdings and request for an injunction, and were properly denied for the same reasons.

9